# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

|  |  |
|---|---|
| VOIP-PAL.COM, INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION No. 6:21-cv-00665-ADA |
| FACEBOOK, INC. and WHATSAPP, INC.,[1] | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## DEFENDANTS FACEBOOK, INC. AND WHATSAPP, INC.'S
## REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

---

[1] Effective October 28, 2021, Facebook, Inc. changed its name to Meta Platforms, Inc., and Meta Platforms, Inc. will file a notice of name change with the Court in due course. For purposes of this motion, Facebook, Inc. will be referred to herein as "Facebook." Also, as previously noted at Dkt. 20, WhatsApp, Inc. changed its name to WhatsApp LLC effective January 1, 2021, and is referred to herein as "WhatsApp."

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. THE FAC FAILS TO PLAUSIBLY PLEAD PRE-COMPLAINT KNOWLEDGE OF INFRINGEMENT OF THE '721 PATENT ................................. 1

III. THE FAC FAILS TO PLAUSIBLY PLEAD PRE-COMPLAINT "DELIBERATE OR INTENTIONAL" CONDUCT ....................................................... 6

IV. THE FAC FAILS TO PLAUSIBLY PLEAD PRE-COMPLAINT INDUCED INFRINGEMENT ............................................................................................................ 7

V. THE FAC FAILS TO PLAUSIBLY PLEAD CONTRIBUTORY INFRINGEMENT ............................................................................................................ 9

VI. CONCLUSION ............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adidas Am., Inc. v. Skechers USA, Inc.*,
 No. 3:16-cv-1400-SI, 2017 WL 2543811 (D. Or. June 12, 2017)............................................2

*Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*,
 No. 6:13CV307 MHS-JDL, 2014 WL 10291478 (E.D. Tex. Feb. 7, 2014).............................8

*APS Tech., Inc. v. Vertex Downhole, Inc.*,
 No. CV 19-1166 (MN), 2020 WL 4346700 (D. Del. July 29, 2020) .......................................3

*Bayer Healthcare LLC v. Baxalta Inc.*,
 989 F.3d 964 (Fed. Cir. 2021)..................................................................................................6

*Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*,
 267 F. Supp. 3d 499 (D. Del. 2017).........................................................................................7

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
 No. 2:15-cv-01278-JRG-RSP (E.D. Tex. Oct. 2, 2015), ECF No. 22 ......................................4

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
 No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016).........................4

*Castlemorton Wireless, LLC v. Bose Corp.*,
 No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020)........................1, 2

*Commil USA, LLC v. Cisco Sys., Inc.*,
 575 U.S. 632 (2015)..............................................................................................................2, 3

*DSU Med. Corp. v. JMS Co. Ltd.*,
 471 F.3d 1293 (Fed. Cir. 2006)................................................................................................8

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
 946 F.3d 1367 (Fed. Cir. 2020)................................................................................................6

*Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*,
 No. 14-1430-LPS-CJB, 2015 WL 5725768 (D. Del. Sept. 29, 2015) ..................................3, 4

*Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*,
 No. 7:19-CV-00026-DC, 2019 WL 3818049 (W.D. Tex. June 13, 2019) .........................5, 10

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
 136 S. Ct. 1923 (2016) (Breyer, J., concurring) ......................................................................7

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. CV 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ............................................1

*Iron Oak Techs., LLC v. Dell, Inc.*,
  No. 1:17-cv-00999-RP (W.D. Tex. April 4, 2018), ECF No. 42..............................................9

*Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*,
  No. 2:20-CV-00827-DBB-JCB, 2021 WL 4324508 (D. Utah Sept. 23, 2021).........................6

*Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
  No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021)
  (Albright, J.)...........................................................................................................................9

*NetFuel, Inc. v. Cisco Sys. Inc.*,
  No. 5:18-cv-02352-EJD, 2018 WL 4510737 (N.D. Cal. Sept. 18, 2018).................................2

*Puget Bioventures, LLC v. Biomet Orthopedics LLC*,
  325 F. Supp. 3d 899 (N.D. Ind. 2018) ....................................................................................6

*Raytheon Co. v. Cray, Inc.*,
  No. 2:16-cv-00423-JRG-RSP (E.D. Tex. Apr. 22, 2016), ECF No. 1.......................................5

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009)..............................................................................................10

**Statutes**

35 U.S.C. § 271(c) .......................................................................................................................9

I.  **INTRODUCTION**

VoIP-Pal's opposition (Dkt. 28) to Defendants' motion to dismiss (Dkt. 25) fails to show that the First Amended Complaint (Dkt. 23, "FAC") alleges sufficient facts to support its claims of pre-complaint willful, pre-complaint induced, and contributory infringement. Instead, the opposition recites broad and inaccurate statements of law, spouts arguments that are wholly untethered to the facts as pled in the FAC, and offers a pile of string cites to decisions with limited-to-no demonstrated relevance to the FAC's fundamental deficiencies. The Court should disregard Voip-Pal's unsubstantiated arguments and focus instead on the allegations actually pled in the FAC. As demonstrated below, those allegations are deficient as a matter of law, and Defendants therefore respectfully request that the Court dismiss these claims.[2]

II.  **THE FAC FAILS TO PLAUSIBLY PLEAD PRE-COMPLAINT KNOWLEDGE OF INFRINGEMENT OF THE '721 PATENT**

The FAC's allegations of pre-complaint willful, pre-complaint induced, and contributory infringement of the '721 Patent are all deficient because the FAC fails to plausibly plead pre-suit knowledge of infringement.

VoIP-Pal's opposition mischaracterizes the law regarding the required knowledge for these types of claims. The law requires knowledge by the accused infringer that its <u>conduct infringes</u> an asserted patent, not merely (as the opposition contends) general knowledge of the <u>existence</u> of an asserted patent. *See IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL

---

[2] VoIP-Pal's request for leave to amend the FAC after taking further discovery should be denied as premature. The "Court's usual practice" only permits amendment if the plaintiff "is able to elicit sufficient facts to support [its] allegation," so the Court should not preemptively grant leave to amend; rather, the Court should consider a request for leave to amend only if VoIP-Pal timely moves and shows good cause for its proposed amendment. *See Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020).

330515, at *3, 7 (D. Del. Jan. 25, 2019) ("[I]ndirect infringement requires proof of knowledge of the patents assertedly infringed <u>and the acts alleged to constitute infringement</u>…." "[Willfulness] requires knowledge by the accused infringer <u>that its conduct infringes</u>.")[3]; *see also Castlemorton*, 2020 WL 6578418, at *5 ("[L]iability for inducing patent infringement attaches only if the defendant knew of the patent <u>and that 'the induced acts constitute patent infringement</u>.'" (quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015)) (alteration in original)); *NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-CV-02352-EJD, 2018 WL 4510737, at *3 (N.D. Cal. Sept. 18, 2018) ("This district has recognized that 'there can be no [willful] infringement of a patent … until the patent issues and the defendant learns of its existence <u>and alleged infringement</u>.'" (quoting *Adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 WL 2543811, at *4 (D. Or. June 12, 2017)).

At least two of the three alleged bases for knowledge in the FAC—(1) the patent's mere issuance[4] and (2) letters sent by VoIP-Pal to Defendants—are insufficient because they allege only knowledge of the <u>existence</u> of the '721 Patent or patent application but not knowledge that any particular conduct may constitute <u>infringement</u> of that patent. *See* Dkt. 23 ¶¶ 53 ("Facebook has had knowledge <u>of the application that led to the '721 patent</u> since at least December 18, 2015 based on a letter that VoIP-Pal sent Facebook notifying Facebook <u>of the application that led to the '721 patent</u>."), 55 ("Defendants have had knowledge <u>of the '721 patent</u> since at least December 29, 2020 when the '721 patent issued.").

---

[3] All emphasis is added unless otherwise indicated.

[4] Although the FAC alleges knowledge based on the issuance of the '721 Patent, VoIP-Pal's opposition does not even attempt to defend this allegation as sufficient. *See* Dkt. 25 at 6 (mere patent issuance is insufficient to support allegation of pre-suit knowledge); *see generally* Opp. (VoIP-Pal not arguing that mere issuance is sufficient to allege pre-suit knowledge).

2

VoIP-Pal relies upon decisions that are distinguishable for exactly this reason. For example, in *APS Technology*, the court found sufficient allegations that "Defendants continued their purported infringement after receiving a letter from Plaintiff <u>outlining how Defendants infringed the [asserted] Patent</u>." *APS Tech., Inc. v. Vertex Downhole, Inc.*, No. CV 19-1166 (MN), 2020 WL 4346700, at *8 (D. Del. July 29, 2020). By contrast, the FAC never alleges that any letters sent to Facebook or WhatsApp outlined how they infringed or even provided notice of infringement generally; rather, the FAC alleges only that the letters notified Defendants of the mere existence of an application that led to the '721 Patent.

The binding Supreme Court precedent set forth in *Commil USA, LLC v. Cisco Systems, Inc.* regarding indirect infringement is clear: "Like induced infringement, contributory infringement requires knowledge of the patent in suit <u>and knowledge of patent infringement</u>." *Commil*, 575 U.S. at 639. To the extent that VoIP-Pal relies upon out-of-district decisions where knowledge of a patent alone was deemed sufficient, or where the element of knowledge of infringement was never even challenged and hence never addressed, such cases are inconsistent with *Commil*. VoIP was required—and failed—to plead facts supporting this critical element of its claims of pre-complaint induced, contributory, and willful infringement.

Even the out-of-district decisions that VoIP-Pal cites as arguably applying a lower standard still required something more than mere knowledge of a patent's existence. For example, in *Elm 3DS Innovations, LLC v. Samsung Elecs. Co., Ltd.*, No. 14-1430-LPS-CJB, 2015 WL 5725768, at *3 (D. Del. Sept. 29, 2015), the court recognized that, "[i]n and of themselves, the allegations regarding (1) Defendants' knowledge of patents related to the [asserted] patent or (2) the [asserted] patent's ubiquity in Defendants' industry, may not have been sufficient here." Only these allegations "taken together" and in conjunction with additional factual allegations, such as that the

defendant cited the asserted patent's specification in its own patent filings, were sufficient for the Court to plausibly infer knowledge of the asserted patent "and its claims"—*i.e.*, knowledge of the contents of the asserted patent. *See id*. at *2-3. Similarly, in *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-01278-JRG-RSP, Dkt. 22 ¶ 20 (E.D. Tex. Oct. 2, 2015), the plaintiff alleged that it had provided audio integration systems to the defendant and had informed the defendant that it had a patent application covering that technology, such that defendants were aware of both plaintiff's patent application and plaintiffs' belief that it applied to specific product embodiments. Defendants had also "investigated" the underlying application after it had issued, such that defendants plausibly had knowledge of the contents of the asserted patent. *See Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016). In contrast to these cases, the FAC's allegations about the '721 Patent's mere issuance and a general letter about the existence of the '721 Patent application do not support an inference that Defendants knew anything about what was claimed therein, let alone had knowledge that a particular product or system infringed.

The third and final alleged basis of knowledge in the FAC—(3) that Defendants were allegedly monitoring VoIP-Pal's entire portfolio simply because VoIP-Pal had sued them over a separate patent[5] from a different family—is insufficient to demonstrate pre-litigation knowledge of infringement for the newly asserted patents. *See* Dkt. 23 (FAC) at ¶ 55. VoIP-Pal's allegation tracks almost exactly the allegation that was disregarded as a "bare conclusion" in *Elm 3DS*, 2015

---

[5] The opposition argues that "Defendants' knowledge of the patents-in-suit is evidenced … by the evidence placed in the court record by the Defendants in their filings, both in this case and in co-pending litigation in this Court." *See* Opp. at 2 & n.3. VoIP-Pal never describes what this "evidence" is, however, and there are no allegations in the FAC about such "evidence." *See generally* Dkt. 23 (FAC). The Court should therefore disregard VoIP-Pal's argument about such unidentified "evidence."

WL 5725768, at *2: "The Court agrees with Defendants that Plaintiff[']s additional allegation that '[u]pon information and belief, since 2000, Samsung followed Mr. Leedy's Elm 3DS portfolio as it obtained the patents-in-suit' is a bare conclusion, devoid of any factual support. The Court does not consider it here…" (citations omitted).[6]

Even if there were plausible factual allegations of monitoring here (which there are not), VoIP-Pal has failed to allege that the patent in its prior suits is related to the patents or patented technology here—a critical fact that the plaintiffs in VoIP-Pal's cited decisions did allege. *See, e.g.*, *Frac Shack Inc. v. AFD Petroleum (Texas) Inc.*, No. 7:19-CV-00026-DC, 2019 WL 3818049, at *4 (W.D. Tex. June 13, 2019) (Parties had "been engaged in patent litigation for over five years on a patent that is <u>related to</u> the [asserted patents]"); *Raytheon Co. v. Cray, Inc.*, No. 2:16-cv-00423-JRG-RSP, Dkt. 1 ¶ 13 (E.D. Tex. Apr. 22, 2016) (Plaintiff alleging that it "provided [defendant] Cray with information concerning its patent portfolio <u>related to</u> high performance computers. Certain Cray high performance computers are the subject of co-pending litigation" between the parties.). As a result, the FAC fails to plausibly allege the requisite knowledge because it provides no sufficient link between the patent that was purportedly the basis for the alleged monitoring activity and the separately patented technology now at issue.

In short, the FAC fails to plead allegations that are, alone or in combination, sufficient to plausibly infer that Defendants had pre-suit knowledge <u>of infringement</u> (or even the contents) of the '721 Patent. As a result, the FAC fails to plausibly plead pre-suit willful, induced, or contributory infringement of the '721 Patent, and such claims should be dismissed.

---

[6] The *Elms 3DS* court based its ultimate decision on *other* factual allegations that it believed were sufficiently alleged and not just "bare conclusion[s]."

### III. THE FAC FAILS TO PLAUSIBLY PLEAD PRE-COMPLAINT "DELIBERATE OR INTENTIONAL" CONDUCT

In its opposition, Voip-Pal asserts: "When an alleged infringer continues to infringe an issued U.S. patent with knowledge of the patent, the willful acts of infringement are, by definition, 'intentional and deliberate.'" Opp. at 6-7. In doing so, Voip-Pal improperly merges the second requirement of willful infringement—which is "deliberate or intentional" conduct—with the first requirement, which is knowledge of infringement. This is an incorrect statement of the law and is unsupported by the case law that Voip-Pal cites in support of its position.

The Federal Circuit has explained that pre-suit knowledge is a distinct inquiry that is separate from the consideration of whether there is deliberate or intentional conduct: "Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). Indeed, "such a requirement is only logical, as finding infringement deliberate solely because a defendant knew about the patents could lead to undue punishment of defendants…." *Longhorn Vaccines & Diagnostics, LLC v. Spectrum Sols. LLC*, No. 2:20-CV-00827-DBB-JCB, 2021 WL 4324508, at *14 (D. Utah Sept. 23, 2021); *see also id.* at n.137 (*Bayer's* "holding undercuts any inference that [defendant] can be held liable for willful infringement" where only allegations of knowledge and infringement were alleged.).

Voip-Pal cites to a series of cases to support its argument that its allegations of "deliberate or intentional" conduct are sufficient. But these cases are distinguishable because they all included something more than mere knowledge of a patent's existence, such as repeated and detailed warning letters of infringement coupled with ongoing infringing activity. *See, e.g.*, *Puget*

6

*Bioventures, LLC v. Biomet Orthopedics LLC*, 325 F. Supp. 3d 899, 910 (N.D. Ind. 2018); *Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*, 267 F. Supp. 3d 499, 501 (D. Del. 2017). The FAC includes no such allegations. Instead, the opposition simply rests on the FAC's allegations of general knowledge of the asserted patents with "nothing more," which is insufficient to allege deliberate or intentional conduct. *Cf. Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1936 (2016) (Breyer, J., concurring) ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more.").

In sum, VoIP-Pal's formulation of the law of willful infringement improperly renders moot the second requirement of willful infringement by merging the analysis of knowledge with the analysis of deliberate or intentional conduct. Accordingly, VoIP-Pal's allegations of pre-complaint willful infringement should be dismissed.[7]

## IV.   THE FAC FAILS TO PLAUSIBLY PLEAD PRE-COMPLAINT INDUCED INFRINGEMENT

The FAC fails to allege facts demonstrating that Defendants specifically intended to induce infringement, as required to plausibly plead pre-complaint induced infringement.

VoIP-Pal's opposition contends that the "Amended Complaint at Paragraph 60 provides concrete examples of explicit instructions taken directly from www.facebook.com and www.whatsapp.com for instructing customers on how to infringe the '721 Patent," but it does not. *See* Opp. at 9. Instead, the FAC merely alleges that "Facebook provides explicit instructions for

---

[7]   VoIP-Pal confuses Defendants' argument regarding enhanced damages. Defendants are not moving the Court to strike VoIP-Pal's claim for willful infringement on the basis that pleading egregious behavior is required (*see* Opp. at 7), rather Defendants "request that this Court strike VoIP-Pal's request for enhanced damages" on the basis that pleading egregious behavior is required (but not adequately alleged in the FAC). *See* Dkt. 25 at 11 n.9.

7

how to make a Messenger call … [and] WhatsApp provides similar instructions for its users about how to make a voice or video calls." *See* Dkt. 23 (FAC) at ¶ 60; *see also id*. at ¶ 45 (identical allegations in the context of the '234 Patent). These types of general instructions of how to use allegedly infringing systems in the normal course of operation do not establish a plausible inference of specific intent to induce infringement. This is true even if those instructions would, if followed, result in using the product in an infringing manner. *See* Dkt. 25 at 13–14; *see also Am. Vehicular Scis. LLC v. Mercedes-Benz U.S. Int'l, Inc.*, No. 6:13CV307 MHS-JDL, 2014 WL 10291478, at *4 (E.D. Tex. Feb. 7, 2014). VoIP-Pal was required to plead facts supporting a plausible inference that Defendants had "specific intent to encourage another's infringement," and instructions on how to generally use the product—irrespective of the existence of the asserted patents or the particular mobile call routing mechanisms now allegedly claimed therein—do not suffice. *See DSU Med. Corp. v. JMS Co. Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

The opposition also nominally directs the Court's attention to paragraph 59 of the FAC as a purported source of additional allegations supporting a claim of induced infringement, but the allegations in that paragraph are merely boilerplate legal conclusions devoid of any specific facts regarding instructions inducing infringement by customers. *See* Dkt. 23 ¶ 59; *see also id*. ¶ 44 (identical allegations in the context of the '234 Patent). Thus, the only factual allegations in the FAC related to inducement are limited to those in paragraph 60 (and the identical allegations in paragraph 45), and as discussed above, those allegations merely allege that Defendants carried out normal business activity, some of which even pre-dated the issuance of the '721 Patent. *See* Dkt. 25 at 14. This is not "evidence of culpable conduct, directed to encouraging another's infringement." *See DSU*, 471 F.3d at 1306.

8

The FAC therefore fails to plausibly plead pre-complaint[8] induced infringement because the alleged acts of inducement are no more than garden-variety business operations.

## V. THE FAC FAILS TO PLAUSIBLY PLEAD CONTRIBUTORY INFRINGEMENT

The FAC fails to sufficiently plead facts showing no substantial non-infringing uses as required to support an allegation of contributory infringement. The only arguably substantive allegation[9] contained in the FAC related to whether the accused platforms have no substantial non-infringing uses is the legal conclusion that the accused platforms are "not shown as having any other purpose, and, given [their] particular focus on messaging and voice-over-IP services, [are] not [] staple article[s] or commodity[ies] suitable for non-infringing uses." *See* Dkt. 23 ¶¶ 30, 33. This legal conclusion is insufficient because it is unsupported by any facts and is inconsistent with the FAC's assertion that the patents "claim a distinct manner of mobile call routing."[10] *See* Dkt. 23 ¶ 24. *Monolithic Power Sys., Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (Albright, J.); *see also* Order, *Iron Oak Techs., LLC v. Dell, Inc.*, No. 1:17-cv-00999-RP (W.D. Tex. April 4, 2018), ECF No. 42 at 4. Moreover, an alleged "particular focus on messaging and voice-over-IP services" says nothing about infringing or non-infringing uses, because the asserted claims are not directed

---

[8] VoIP-Pal cites several case related to post-complaint inducement (*see* Opp. at 10-11), but Defendants move to dismiss only claims of pre-complaint inducement; accordingly, those cases cited by VoIP-Pal are irrelevant.

[9] The allegations contained in paragraphs 47 and 62 merely parrot the words of 35 U.S.C. § 271(c) (the contributory infringement statute) nearly verbatim and are not substantively relied on in the opposition.

[10] The rest of the allegations in paragraphs 30 and 33 of the FAC largely parrot the terms of the asserted claims themselves and support (if anything) allegations of direct infringement, not whether there are substantial non-infringing uses for purposes of analyzing contributory infringement.

to all aspects of "messaging and voice-over-IP services"; the alleged "particular focus" comprises a broad collection of technologies that fall under the umbrella of messaging and voice-over-IP calling services, some of which are not even allegedly infringing. *See* Opp. at 12 ("VoIP-Pal also does not allege that all messaging and VoIP services infringe the patents-in-suit….").

This "particular focus" allegation in the FAC (even if it can be considered more than merely a legal conclusion) is also distinguishable from the allegations at issue in *Frac Shack*, 2019 WL 3818049, at *5 in at least one critical way. Specifically, the complaint in *Frac Shack* alleged that the accused system was used for only a "single purpose" and that there was "never so much as [a] hint[] as to another possible use." By contrast here, the FAC alleges only that the accused platforms have a "particular focus on messaging and voice-over-IP services" (*see* Dkt. 23 ¶¶ 30, 33)—which does not preclude substantial non-infringing uses, even if those other uses are outside the alleged "focus" of the platforms. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009) ("[N]on-infringing uses are substantial when they are not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.").

The Court should therefore dismiss all of VoIP-Pal's allegation of contributory infringement (both pre- and post-complaint) because there are insufficient allegations to plausibly infer no substantial non-infringing uses of the accused platforms.

## VI. CONCLUSION

Defendants respectfully request that the Court grant their motion and dismiss VoIP-Pal's claims of (A) pre-complaint willful infringement, (B) pre-complaint induced infringement, and (C) pre- and post-complaint contributory infringement, of both the '234 Patent and the '721 Patent.

Dated: November 5, 2021                              Respectfully submitted,

                                                       By:   */s/ Joshua Glucoft*
                                                       Ellisen S. Turner (*Pro Hac Vice*)
                                                       Joshua Glucoft (CA SBN#301249)
                                                       ellisen.turner@kirkland.com
                                                       josh.glucoft@kirkland.com
                                                       KIRKLAND & ELLIS LLP
                                                       2049 Century Park East, 37th Floor
                                                       Los Angeles, CA 90067
                                                       Tel: 310-552-4200
                                                       Fax: 310-552-5900

                                                       Kristina R. Cary (BBO#688759)
                                                       kristina.cary@kirkland.com
                                                       KIRKLAND & ELLIS LLP
                                                       200 Clarendon Street
                                                       Boston, Massachusetts 02116
                                                       Tel: 617-385-7500
                                                       Fax: 617-385-7501

                                                       Michael E. Jones
                                                       SBN: 10929400
                                                       mikejones@potterminton.com
                                                       POTTER MINTON, PC
                                                       110 North College, Suite 500
                                                       Tyler, Texas 75702
                                                       Tel: 903-597-8311
                                                       Fax: 903-593-0846

                                                       ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on November 5, 2021, all counsel of record who have appeared in this case is being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Joshua Glucoft*
Joshua Glucoft
