**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| VOIP-PAL.COM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 6:21-cv-00665-ADA |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| FACEBOOK, INC. and WHATSAPP, INC., | ) | |
| | ) | **PUBLIC VERSION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS FACEBOOK, INC.'S AND WHATSAPP, INC.'S[1]
MOTION FOR TRANSFER**

---

[1] Effective October 28, 2021, Facebook, Inc. changed its name to Meta Platforms, Inc., and will file a notice of name change with the court in due course. For purposes of this motion, Facebook, Inc. will be referred to herein as "Facebook."  Also, as previously noted at Dkt. 20, WhatsApp, Inc. changed its name to WhatsApp LLC effective January 1, 2021, and is referred to herein as "WhatsApp."

## <u>TABLE OF CONTENTS</u>

**Page**

I.     **Introduction** ..................................................................................................... 1

II.    **Statement of Facts** ........................................................................................... 2

     A.    Case History ............................................................................................. 2

          1.    *Wave 1* ........................................................................................ 2

          2.    *Wave 2* ........................................................................................ 2

          3.    *Wave 3* ........................................................................................ 2

          4.    *Wave 4 (The Present Action)* .................................................... 3

     B.    N.D. Cal.'s Familiarity with the Parties and the Technology ................ 4

     C.    Evidence and Witnesses Located in N.D. Cal. ...................................... 5

     D.    VoIP-Pal's Purported Connections to W.D. Tex. .................................. 6

     E.    ████████████████████ .................................................... 6

III.   **Legal Standard** .............................................................................................. 7

IV.   **N.D. Cal. Is Clearly More Convenient Than W.D. Tex.**............................... 8

     A.    █████████████████████████████████ ............................... 8

     B.    The Private-Interest Factors Weigh in Favor of N.D. Cal. ................... 10

          1.    *Relative Ease of Access to Sources of Proof*............................. 10

          2.    *Availability of Compulsory Process to Secure Witness Attendance* ........ 11

          3.    *Cost of Attendance for Willing Witnesses* ................................. 12

          4.    *Considerations That Make Trial Easy, Expeditious, and Inexpensive*................................................................................. 13

     C.    The Public-Interest Factors Also Weigh in Favor of N.D. Cal............................. 14

          1.    *Administrative Difficulties Flowing from Court Congestion*.................... 14

          2.    *Local Interest in Having Localized Interests Decided at Home* .............. 14

          3.    *Familiarity of the Forum with the Law*.................................... 15

### TABLE OF CONTENTS (CONT'D)

**Page**

4.   *Avoidance of Unnecessary Conflict of Law Problems* ............................. 15

**V.**   **Conclusion** ................................................................................................. **15**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020)......................................................................11, 15

*In re Apple, Inc.*,
   581 F. App'x 886 (Fed. Cir. 2014) .........................................................................11

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013).....................................................................................................8

*Bastami v. Semiconductor Components Indus., LLC*,
   No. 17-CV-00407-LHK, 2017 WL 1354148 (N.D. Cal. Apr. 13, 2017) ................9

*FCX Solar, LLC v. FTC Solar, Inc.*,
   No. 6:21-cv-00548-ADA, Dkt. 30 (W.D. Tex. Oct. 25, 2021)..................................7

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009).........................................................................12, 13

*In re Hulu*,
   No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ......................11, 12, 14

*Jackson v. Intel Corp.*,
   No. 2:08-cv-154, 2009 WL 749305 (E.D. Tex. Mar. 19, 2009)..............................14

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) ..............................................................................14

*Kannuu Pty Ltd. v. Samsung Elecs. Co.*,
   Case No. 1:19-cv-04297-ER, Dkt. 29-6 (S.D.N.Y. Oct. 1, 2019) ......................8, 10

*Kannuu Pty Ltd. v. Samsung Elecs. Co.*,
   No. 2021-1638, 2021 WL 4617967 (Fed. Cir. 2021) .........................................8, 10

*MasterObjects, Inc. v. Facebook, Inc.*,
   No. 6-20-CV-0008-ADA, Dkt. No. 86 (W.D. Tex. July 13, 2021) (Albright,
   J.)......................................................................................................................11, 13

*NuCurrent, Inc. v. Samsung Elecs. Co.*,
   No. 6:18-CV-51-JRG-KNM, 2018 WL 7821099 (E.D. Tex. Dec. 26, 2018) ....................8, 10

*In re Samsung Elecs. Co., Ltd.*,
   2 F.4th 1371 (Fed. Cir. 2021) ................................................................................11

*SynKloud Techs., LLC v. Dropbox, Inc.*,
    No. 6:19-CV-00526-ADA, 2020 WL 2528545 (W.D. Tex. May 18, 2020)
    (Albright, J.) ......................................................................................................13

*Texas v. Google LLC*,
    No. 4:20-CV-957-SDJ, 2021 WL 2043184 (E.D. Tex. May 20, 2021) ..................15

*In re TS Tech. USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ..........................................................................15

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ................................................................................7

*WorldVentures Holdings, LLC v. Mavie*,
    No. 4:18CV393, 2018 WL 6523306 (E.D. Tex. Dec. 12, 2018) ............................9

*XY, LLC v. Trans Ova Genetics, LC*,
    No. W-16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ..............11

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................2, 7

35 U.S.C. § 101 ................................................................................................1, 2, 3

## I.   <u>INTRODUCTION</u>

Defendants move to transfer this case to the Northern District of California, which is the



; therefore, this action must be heard in N.D. Cal.

Further, N.D. Cal. is the most convenient forum to resolve the parties' dispute because it is home to the Defendants (Facebook and WhatsApp), the relevant documents and witnesses, and other parties against whom the Plaintiff (VoIP-Pal) has asserted the same patents. A court in N.D. Cal. has also adjudicated multiple prior waves of VoIP-Pal's patent suits. The Federal Circuit has affirmed every decision appealed from the N.D. Cal. court regarding VoIP-Pal and its patents, including decisions invalidating several related patents and decisions finding that, due to its deep familiarity, the N.D. Cal. court was the most appropriate to handle those patent litigations.

VoIP-Pal continues to file actions in W.D. Tex. hoping to escape the N.D. Cal. court's substantial experience with VoIP-Pal and its patents as well as the resulting unfavorable rulings. VoIP-Pal asserts here two patents that the court in N.D. Cal. found relate to "the same technology" as patents it already ruled ineligible under 35 U.S.C. § 101. But the two tenuous connections of this case to W.D. Tex.—(1) VoIP-Pal's recent litigation-inspired move to Waco months after multiple defendants filed transfer motions in prior VoIP-Pal cases in W.D. Tex., and (2) Defendants' employees in Austin that did not design the accused features in this case—are insufficient as a matter of law to support venue. In short, VoIP-Pal is improperly hunting for a fresh start in a new venue that has no relevant connection to the parties or this dispute and no prior experience with VoIP-Pal or its patented technology. This case belongs in N.D. Cal., and

Defendants respectfully request transfer to N.D. Cal. under 28 U.S.C. § 1404(a), which is clearly more convenient for the parties, witnesses, and judiciary.

## II.    STATEMENT OF FACTS

### A.    Case History

The present action is VoIP-Pal's fourth wave of patent suits.

####    1.    *Wave 1*

In 2016, VoIP-Pal filed four cases in Nevada against Apple, AT&T, Twitter, and Verizon, asserting two U.S. patents ("Wave 1"). Those cases were transferred to N.D. Cal. and assigned to the Hon. Lucy Koh, with VoIP-Pal's explicit consent. Judge Koh ultimately found VoIP-Pal's patents invalid under 35 U.S.C. § 101 in a 45-page opinion. The Federal Circuit unanimously affirmed that decision. Declaration of Joshua Glucoft ("Glucoft Dec.") ¶ 2.

####    2.    *Wave 2*

In 2018, VoIP-Pal filed two cases in Nevada ("Wave 2") against Apple and Amazon, asserting four U.S. patents that share a common specification with, and recite claims similar to, the Wave 1 patents. The Wave 2 cases were transferred to N.D. Cal., again with VoIP-Pal's explicit consent. Judge Koh found VoIP-Pal's patents invalid under 35 U.S.C. § 101 in a 68-page opinion. Once again, the Federal Circuit unanimously affirmed. *Id.* ¶ 3.

####    3.    *Wave 3*

In 2020, presumably to avoid another loss in N.D. Cal., VoIP-Pal filed a new set of cases in W.D. Tex. asserting another U.S. patent in the same family as the Wave 1 and 2 patents against Google, Verizon, AT&T, Apple, Amazon, and Facebook/WhatsApp ("Wave 3"). Verizon, Apple, AT&T, and Twitter then filed declaratory judgment actions against VoIP-Pal in N.D. Cal ("Wave 3 DJ") regarding the same patent. The Wave 3 DJ cases were assigned to Judge Koh, who related

the Wave 3 DJ cases to the Wave 1 cases. Apple and Twitter also sought DJ relief with respect to the Wave 3 patent's parent, which has substantially similar claims. *Id.* ¶¶ 4, 53.

VoIP-Pal moved to dismiss the Wave 3 DJ cases under, *inter alia*, the first-to-file rule, and Judge Koh denied those motions. Addressing the first-to-file rule, Judge Koh found that it would be "unjust and inefficient to continue the Texas cases," and "to permit [VoIP-Pal] to forum shop" given N.D. Cal.'s prior experience with the patent family. VoIP-Pal petitioned for a writ of mandamus, which the Federal Circuit denied, noting (*id.*):

> [T]he conclusion that it would be far less efficient for the Western District of Texas to resolve these cases based on the Northern District of California's familiarity with the overlapping issues is particularly well supported. … [T]he instant cases and prior cases involve similar technology and accused products. And [] the district court previously wrote a total of 113 pages on the validity of the patents, suggesting the court has considerable familiarity with overlapping validity issues….[2]

More recently, Judge Koh denied some additional motions to dismiss by VoIP-Pal in the Wave 3 DJ cases in view of a narrow covenant not to sue, as VoIP-Pal's behavior demonstrated "an apparent attempt to avoid a ruling from [N.D. Cal.]." The Wave 3 DJ cases that were not dismissed in view of VoIP-Pal's covenant not to sue have since settled and been dismissed following court-ordered settlement conferences, except Twitter's declaratory judgment action regarding the parent patent, which remains pending. *Id.* ¶¶ 4–5, 53.

        4.     *Wave 4 (The Present Action)*

In 2021, VoIP-Pal asserted U.S. Patent Nos. 8,630,234 and 10,880,721 (the "Asserted Patents") against Google, T-Mobile, Verizon, AT&T, Apple, Amazon, and Facebook/WhatsApp ("Wave 4"). Facebook's and WhatsApp's accused products in Wave 4 (*i.e.*, the present action) are

---

[2]    All emphasis in this motion is added unless indicated otherwise.

the same products accused in Wave 3.[3] VoIP-Pal has failed to diligently litigate the Wave 4 cases, such that this Court has not yet undertaken any substantive analysis. Glucoft Dec. ¶ 6.

Verizon, Apple, and AT&T filed DJ actions on the Asserted Patents in N.D. Cal. ("Wave 4 DJ"). Apple and AT&T subsequently settled and dismissed their action, but the Verizon Wave 4 DJ case is still pending.[4] Although the N.D. Cal. court did not relate the Wave 4 DJ cases to the earlier cases, it did find that the Asserted Patents "are related to the same technology as the patents involved in [the earlier waves]." Glucoft Dec. ¶ 6.

### B.    N.D. Cal.'s Familiarity with the Parties and the Technology

Prior and pending actions have given the N.D. Cal court substantial familiarity with the relevant technology at issue in this case. As discussed above, Judge Koh has "previously [written] a total of 113 pages on the validity of [VoIP-Pal's] patents" in the Wave 1 and 2 cases, and also expressly recognized that the Asserted Patents here "are related to the same technology" as all of VoIP-Pal's previously asserted patents. *Id.* ¶¶ 4, 6.  Indeed, the patents asserted in Waves 1-3 and the Asserted Patents in this matter were all developed by the same company (Digifonica (International) Limited), share an inventor (Johan Emil Viktor Björsell), and have overlapping specifications, including with respect to their abstracts and figures. *See* Dkt. 12 at 5–6. Notably, VoIP-Pal cited hundreds of litigation filings and invalidity contention references related to the Wave 1 litigation and previously asserted patents during the '721 Patent's prosecution. Glucoft

---

[3]    *Compare* Dkt. 1 ¶¶ 27–34 (accusing Defendants' "messaging and communication platform[s]" that "allow[] smartphone and desktop users to send text messages and voice messages, make voice and video calls, and share images"), *with* Case No. 6:20-cv-00267-ADA, Dkt. 28 ¶¶ 44–47 (accusing Defendants' "messaging service[s]" that "allow[] users of mobile devices[s] to communicate using text, images, video and audio with users of other mobile devices").

[4]    The N.D. Cal. court recently stayed Verizon's Wave 4 DJ action. *See* Glucoft Dec. ¶ 6.

Dec. ¶ 6. The patent at issue in Twitter's pending declaratory judgment action also contains overlapping claim terms with the Asserted Patents, such as the term "identifier." *See* Ex. 48 cl. 1.

     **C.**     **Evidence and Witnesses Located in N.D. Cal.**

     The accused Facebook and WhatsApp applications were both primarily designed and developed in N.D. Cal., and the majority of relevant personnel that manage the operation of the accused features, and the documents describing the design, development, and operation of the accused features, are also primarily located in N.D. Cal. *See* Declaration of Nicholas Wong ("Wong Dec.") ¶¶ 2–3, 13, 21.

     Authors of relevant prior art are also based in N.D. Cal. For example, there are at least four prior-art patents and patent applications that are material to the patentability of the Asserted Patents that have at least 11 inventors living and/or working in N.D. Cal. Exs. 2–16. As an additional example, Mark Townsley and Fred Baker authored papers cited in the Asserted Patents and are California residents, as is at least one of their other co-authors. *See* Exs. 17–21. They formerly worked at Cisco—headquartered in N.D. Cal.—which created a relevant prior-art system that Defendants contend is material to the patentability of the Asserted Patents. *See* Exs. 19–20, 22–23. Two other relevant prior-art systems are DialPad and GrandCentral, and the founders of the companies that created those systems—Craig Walker and Vincent Paquet—both currently reside in N.D. Cal. *See* Exs. 24–28. Additionally, Dr. Marian Croak, who is often called "the mother of VoIP," is the Vice President of Engineering at Google, based in N.D. Cal. *See* Exs. 29–30.

     Other relevant sources of evidence are closer to N.D. Cal. For example, all four inventors of the Asserted Patents appear to reside near Vancouver, Canada. *See* Exs. 31–34. Additionally, John M. Carson, who prosecuted the Asserted Patents, resides in California. *See* Exs. 35–36.

**D.**     **VoIP-Pal's Purported Connections to W.D. Tex.**

VoIP-Pal does not have any actual operations—its sole business is patent licensing and assertion. *See* Ex. 37 at Note 1. VoIP-Pal was headquartered in Bellevue, Washington (Ex. 38), until March 2021 when VoIP-Pal allegedly moved its principal place of business to Waco (after various defendants filed transfer motions to move the Wave 3 cases from Texas to California). Ex. 39. VoIP-Pal's Waco location appears to be a "virtual office" rented from a third party that touts that its space "deliver[s] the <u>image</u> of a professional office" (Ex. 40) for clients "<u>without the need of office time</u>" (Ex. 41). VoIP-Pal's CEO does not reside near this "office"; he lives in Vancouver, Canada (Ex. 34). VoIP-Pal recently hired a new CFO to work out of its Waco "office," but that individual appears to live outside of this District (in Fort Worth), is only part-time (he is also the CFO of a Virginia company), and is limited as to how much time he could spend in the Waco "office." *See* Exs. 39, 43–45. Indeed, the owner of the Waco "office" limits use of the space to generally no more than 16 hours per month per "tenant." Ex. 42.

**E.**     ███████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

---

[5] ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████

### III.   LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Courts consider public- and private-interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.' The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.* at 315 (citations omitted).

But "'the existence of a mandatory, enforceable FSC [forum-selection clause] dramatically alters this analysis.' First, the burden of proof is shifted. … Second, the court should not consider the private-interest factors since, once the parties contractually agree to a forum, they waive the right to challenge that forum as 'inconvenient.' Rather, the court should consider only public-interest factors[, and] because those factors rarely defeat a motion to transfer, FSCs will typically control, barring exceptional circumstances." *FCX Solar, LLC v. FTC Solar, Inc.*, No. 6:21-cv-00548-ADA, Dkt. 30 at 7 (W.D. Tex. Oct. 25, 2021) (citations omitted).

7

## IV.   **N.D. CAL. IS CLEARLY MORE CONVENIENT THAN W.D. TEX.**

The threshold inquiry is satisfied: VoIP-Pal could have filed this case in N.D. Cal., where both Defendants are headquartered. Wong Dec. ¶¶ 2–3. And this case <u>should</u> be in N.D. Cal.

**A.**   █████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 51 (2013) (A valid forum-selection clause "should be 'given controlling weight.'").



<hr />

6  ████████████████████████████████████████████████████████
*Kannuu Pty Ltd. v. Samsung Elecs. Co.*, No. 2021-1638, 2021 WL 4617967 (Fed. Cir. 2021).
████████████████████████████████████████████████ *See generally Kannuu Pty Ltd. v. Samsung Elecs. Co.*, Case No. 1:19-cv-04297-ER, Dkt. 29-6 ¶¶ 3, 13 (S.D.N.Y. Oct. 1, 2019). ████████████
*NuCurrent, Inc. v. Samsung Elecs. Co.*, No. 6:18-CV-51-JRG-KNM, 2018 WL 7821099, at *7 (E.D. Tex. Dec. 26, 2018), which the court in *Kannuu* distinguished by recognizing the NDA in that case was intertwined with the underlying infringement lawsuit on account of, *inter alia*, willfulness allegations in the infringement lawsuit that implicated information exchanged pursuant to the NDA. *See Kannuu*, 2021 WL 4617967, at *4.

██████████. *See Bastami v. Semiconductor Components Indus., LLC*, No. 17-CV-00407-LHK, 2017 WL 1354148, at *10 (N.D. Cal. Apr. 13, 2017) ("[T]he phrase 'relating to' is interpreted broadly for both forum selection and arbitration clauses."); *WorldVentures Holdings, LLC v. Mavie*, No. 4:18CV393, 2018 WL 6523306, at *7–8 (E.D. Tex. Dec. 12, 2018) ("[R]elated to" held to apply "to any dispute that 'has some logical or causal connection' to the agreement….").

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████

████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

---
[7] ███████████████████████████████████████
████████████████████████

9



. *See NuCurrent, Inc. v. Samsung Elecs. Co.*, No. 6:18-CV-51-JRG-KNM, 2018 WL 7821099, at \*7–8 (E.D. Tex. Dec. 26, 2018) (finding claims "related to" NDA because resolution "require[d] the application of [NDA's] various provisions" including those "premised on the disclosure of confidential … information").[8]

Indeed, as the factor-by-factor analysis below confirms, N.D. Cal. is clearly the most convenient forum independent of the forum-selection clause.

**B.    The Private-Interest Factors Weigh in Favor of N.D. Cal.**

1.    *Relative Ease of Access to Sources of Proof*

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer," and therefore "the place where the defendant's documents are kept weighs in

---

[8] ███████████████████████████████████████████████████

*Kannuu*, 2021 WL 4617967 (Fed. Cir. 2021). In *Kannuu*, the parties' NDA had expired and no longer protected the confidentiality of the information the parties had exchanged. *See Kannuu Pty Ltd. v. Samsung Elecs. Co.*, Case No. 1:19-cv-04297-ER, Dkt. 29-6 ¶¶ 3, 13 (S.D.N.Y. Oct. 1, 2019) (agreement's confidentiality requirements only survived until 2018, but case was filed in 2019). Because the NDA in *Kannuu* had expired, the plaintiff seeking to enforce the forum-selection clause could not argue that the NDA's terms were relevant to determining the evidence available to assess infringement. *See* 2021 WL 4617967, at \*3.

favor of transfer to that location." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020). Also highly relevant is "the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at \*13 (W.D. Tex. Apr. 5, 2017).

WhatsApp's relevant sources of proof are overwhelmingly, if not exclusively, in N.D. Cal. The WhatsApp application was designed and developed in N.D. Cal., and the related documents largely were generated and are maintained in that district where the engineering teams who manage such features are located. Wong Dec. ¶¶ 3, 8–10, 13. Financial and marketing documents were also generated and are maintained in N.D. Cal. *Id.* ¶¶ 11–13. Similarly, Facebook's sources of proof are primarily on the West Coast, including in N.D. Cal. The relevant technical documentation was generated and is maintained primarily in N.D. Cal. and Washington State, and financial and marketing documents were generated and are maintained in N.D. Cal. *Id.* ¶¶ 14–21.

By contrast, as discussed above, VoIP-Pal's presence in this District "is plainly recent, ephemeral, and artificial." *See In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021); Section II.D. As a result, there is no indication that VoIP-Pal actually has any relevant sources of proof in this District. The sources of proof relevant to this matter are thus overwhelmingly located in or near N.D. Cal. and not in this District, such that this factor weighs in favor of transfer.

2. ***Availability of Compulsory Process to Secure Witness Attendance***

This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *MasterObjects, Inc. v. Facebook, Inc.*, No. 6-20-CV-0008-ADA, Dkt. No. 86, at 7 (W.D. Tex. July 13, 2021) (Albright, J.) (citing *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014)). A showing of unwillingness is not required. *In re Hulu,* No. 2021-142, 2021 WL 3278194, at \*4 (Fed. Cir. Aug. 2, 2021).

There are many relevant third-party witnesses within the subpoena power of N.D. Cal. but not of this Court, including: (1) numerous authors of material prior-art references and creators of prior-art systems that have knowledge both of the state of the art and specific invalidity references that may be asserted at trial, including Mark Townsley and Fred Baker, who authored art specifically mentioned in the Asserted Patents,[9] and Dr. Marian Croak; and (2) John M. Carson, who prosecuted the Asserted Patents. *See* Section II.C. In stark contrast to the numerous third-party witnesses in N.D. Cal., Defendants have not identified any relevant third-party witnesses in W.D. Tex. This factor strongly favors transfer.

3.   ***Cost of Attendance for Willing Witnesses***

Witness convenience "is probably the single most important factor in transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). This factor accounts for the convenience of all witnesses, including party witnesses. *Hulu*, 2021 WL 3278194, at *5.

The relevant WhatsApp witnesses are in N.D. Cal. Nearly all of the engineers responsible for designing, developing, and maintaining the relevant aspects of the WhatsApp application are in N.D. Cal. Wong Dec. ¶¶ 8–10. WhatsApp employees with knowledge about financial and marketing aspects of WhatsApp are also in N.D. Cal. *Id.* ¶¶ 11–12. Similarly, relevant Facebook witnesses are overwhelmingly on the West Coast, with engineers responsible for designing, developing, and maintaining the relevant aspects of Messenger primarily located in N.D. Cal. and Washington State. *Id.* ¶¶ 14–18. Further, Facebook employees with knowledge about financial and marketing aspects of Messenger are primarily in N.D. Cal. *Id.* ¶¶ 19–20.

---

[9]   *See Hulu*, 2021 WL 3278194, at *3 ("[C]ertain of Hulu's proposed prior art witnesses directly relate[] to prior art that was specifically mentioned in the asserted patents themselves, heightening their potential relevance.").

There are also many nonparty witnesses that reside in or much closer to N.D. Cal. who may be willing to come to trial or who may need to be compelled, including key prior-art authors, the inventors of the Asserted Patents, and prosecution counsel. *See* Section II.C. Traveling to Waco would be substantially more inconvenient, time-consuming, and expensive than traveling to N.D. Cal. for these people. *See Genentech*, 566 F.3d at 1343 ("[I]nconvenience to witnesses increases in direct relationship to the additional distance to be traveled.").

No relevant VoIP-Pal or third-party witnesses are located in W.D. Tex. No WhatsApp or Facebook employees in Texas have unique knowledge related to the design of the accused functionalities. *See* Wong Dec. ¶¶ 9 n.1, 10, 15.  Given the abundance of witnesses in or near N.D. Cal. and the lack of relevant witnesses in W.D. Tex., this factor favors transfer. *See MasterObjects*, No. 6:20-cv-00087-ADA, Dkt. 86 at 9 (W.D. Tex. July 13, 2021) (Albright, J.).

4.      ***Considerations That Make Trial Easy, Expeditious, and Inexpensive***

This Court has found that "[m]ultiple suits involving the same or similar issues may create practical problems that will weigh in favor of or against transfer." *See SynKloud Techs., LLC v. Dropbox, Inc.*, No. 6:19-CV-00526-ADA, 2020 WL 2528545, at *6 (W.D. Tex. May 18, 2020) (Albright, J.). Over the last five years, a court in N.D. Cal. presided over the Wave 1 and 2 cases and the Wave 3 DJ cases, which all involved patents that that court found "related to the same technology" as the Asserted Patents here, and that court is still presiding over Twitter's declaratory judgment action regarding a related patent that has overlapping claim terms with the Asserted Patents in this matter. *See* Sections II.A.1-II.B. Through those cases, the court in N.D. Cal. has become familiar with the "same technology" at issue here as well as the validity of VoIP-Pal's related patents. Accordingly, it would be much more efficient for the court in N.D. Cal. to handle this matter in view of its experience with the "same technology" and also in order to avoid

13

potentially inconsistent claim constructions. *See Jackson v. Intel Corp.,* No. 2:08-cv-154, 2009 WL 749305, at *4 (E.D. Tex. Mar. 19, 2009). This factor favors transfer.

> ### C. The Public-Interest Factors Also Weigh in Favor of N.D. Cal.

> #### 1. *Administrative Difficulties Flowing from Court Congestion*

VoIP-Pal failed to timely serve infringement contentions, notwithstanding the Court's Order to do so. Glucoft Dec. ¶ 6. Given VoIP-Pal's lack of diligence in litigating this case, time to trial should be neutral at worst. This is especially true because VoIP-Pal is a non-operating company whose sole business is licensing, so VoIP-Pal has no "need of a quick resolution." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322–23 (Fed. Cir. 2021).

In any event, N.D. Cal. averages 745 cases per judge, with a median time to civil trial of 22.0 months; by contrast, W.D. Tex. averages 889 cases per judge, with a 19.1-month median time to trial. *See* Ex. 47. Thus, the court congestion metrics for the two districts are fairly similar and this factor is also (at least) neutral on the merits. *See Hulu*, 2021 WL 3278194, at *5. Beyond statistics though, the more salient consideration is the N.D. Cal. court's history of expeditiously resolving VoIP-Pal's patent cases: It resolved Wave 1 less than six months after the last case was transferred, Wave 2 in just over one year, and Wave 3 by settlement within months after that court's rulings in those cases were upheld on appeal and within about a year from the date they were filed. Glucoft Dec. ¶¶ 2–5. This precedent suggests that judicial efficiency on these particular facts actually weighs slightly in favor of transfer.

> #### 2. *Local Interest in Having Localized Interests Decided at Home*

Facebook and WhatsApp both have their principal place of business in N.D. Cal. where they have operated for over a decade, so there is little doubt that N.D. Cal. has a strong local

interest in hearing this dispute.[10] *See Texas v. Google LLC*, No. 4:20-CV-957-SDJ, 2021 WL 2043184, at *7, 9 (E.D. Tex. May 20, 2021) ("'There is little doubt' that a district 'has a local interest in the disposition of any case involving a resident corporate party.'").

This factor also considers "the significant connections between a particular venue and <u>the events that gave rise to a suit</u>." *In re Apple*, 979 F.3d at 1345 (quotation omitted) (emphasis in original). As discussed above, the accused features were designed and developed in N.D. Cal. *See* Section II.C. Thus, N.D. Cal. has a strong local interest in deciding this case about the R&D events that led to the rise of the functionality accused of infringement in this case. *See In re Apple*, 979 F.3d at 1345. In contrast, W.D. Tex. has no localized interest because VoIP-Pal's recent "move" to this district is nothing more than a forum-shopping ploy, rendering its presence here irrelevant. *See* Section II.D. Moreover, Defendants' employees in this District are almost entirely "untethered to the lawsuit" and therefore nearly irrelevant to the analysis. *See In re Apple*, 979 F.3d at 1345. This factor therefore strongly favors transfer.

### 3.    *Familiarity of the Forum with the Law*

███████████████████████████████████████████████████████████████

██. Therefore, this factor favors transfer ███████████████████████████████

██████████████████████████████████████.

### 4.    *Avoidance of Unnecessary Conflict of Law Problems*

This factor is neutral. *In re TS Tech. USA Corp.*, 551 F.3d 1315, 1319–21 (Fed. Cir. 2008).

## V.    CONCLUSION

In sum, all public-interest factors favor transfer or are neutral, and all of the private-interest factors favor transfer. The Court should therefore transfer this litigation to N.D. Cal.

---

[10]    Google is also accused of infringing the Asserted Patents and is based in N.D. Cal. *See* Ex. 46.

Dated: November 9, 2021

Respectfully submitted,

By: */s/ Joshua Glucoft*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
POTTER MINTON
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846 (Facsimile)

Ellisen Shelton Turner (Pro Hac Vice)
ellisen.turner@kirkland.com
Joshua Popik Glucoft (CA Bar No. 301249)
joshua.glucoft@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4220
Fax: (310) 552-5900

Kristina R. Cary
Massachusetts BBO No. 688759
kristina.cary@kirkland.com
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
Tel: (617) 385-7500
Fax: (617) 385-7501

ATTORNEYS FOR DEFENDANTS
FACEBOOK, INC. AND WHATSAPP,
INC.

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on November 9, 2021.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on November 9, 2021.

*/s/ Joshua Glucoft*
Joshua Glucoft

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case and Judge Albright's Standing Order Regarding Filing Documents Under Seal in patent Cases and Redacted Pleadings.

*/s/ Joshua Glucoft*
Joshua Glucoft