IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| VOIP-PAL.COM, INC., § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION 6:21-CV-00665-ADA |
| § | | |
| FACEBOOK, INC. and WHATSAPP, § | | JURY TRIAL DEMANDED |
| INC. § | | |
| *Defendants*. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Facebook, Inc.'s and WhatApp, Inc.'s ("Defendants") Rule 12(b)(6) Motion to Dismiss VoIP-Pal.com, Inc.'s ("Plaintiff" or "VOIP") claims of pre-suit willful infringement, pre-suit induced infringement, and contributory infringement of U.S. patent Nos. 8,630,234 ("'234 Patent") and 10,880,721 ("'721 Patent) (collectively "Asserted Patents"). ECF No. 25. Plaintiff filed a timely response. ECF No. 28. Defendants filed a timely reply. ECF No. 31. After careful consideration of the parties' briefings, the Court **DENIES** Defendants' Motion.

### I.     FACTUAL BACKGROUND

Plaintiff filed this lawsuit accusing Defendants of infringing the Asserted Patents directly and willfully and of inducing and contributing to infringement. ECF No. 23. The Amended Complaint alleges that the Plaintiff sent one or more pre-suit letters notifying Defendants of the '234 Patent and of patent application that ultimately led to the '721 Patent. *Id.* ¶¶ 39-42, 53-57. Thereafter, Defendants allegedly knew that their conduct amounted to infringement of the '234 Patent. *Id.* ¶¶ 39-40. Also, based on this letter and as a result of ongoing patent litigation between

1

the parties, the Defendants allegedly monitored Plaintiff's patent portfolio and knew that their conduct amounted to infringement of the '721 Patent once the '721 Patent issued. *Id.* ¶¶ 53-57.

The Amended Complaint also pleads that the Defendants induce infringement. *Id.* ¶¶ 44-46, 58-61. As part of the allegations, the Defendants provide user manuals and instructions to third parties that causes the third parties to use the accused instrumentalities in an infringing manner.

The Amended Complaint also pleads that the Defendants contribute to infringement. *Id.* ¶¶ 47, 62. As part of the allegations, the Amended Complaint states that the accused instrumentalities are "not staple articles of commerce suitable for substantial non-infringing use." *Id.*

## II.   LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

"To state a claim for willful infringement, 'a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019)

To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit, or was willfully blind to the existence of the patents-in-suit. *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011)

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b) (2012). Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 131 S. Ct. 2060, 179 L. Ed. 2d 1167 (2011). To survive a motion to dismiss, a plaintiff must "allege facts showing that [a defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 6:13- CV-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014).

"Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c). "A plaintiff properly pleads

contributory infringement by alleging: (1) direct infringement; (2) that the defendant 'knew that the combination for which its components were especially made was both patented and infringing'; and (3) that the defendant's components have 'no substantial non-infringing uses.'" *Wright v. E-Sys. LLC*, No. 3:12-CV-04715-K, 2014 WL 11514932, at *2 (N.D. Tex. Jan. 8, 2014) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005)).

### III.　ANALYSIS

#### A. Willful Infringement

Defendants challenge the sufficiency of willful infringement primarily based on a failure to adequately allege pre-suit knowledge. Defendants argue that the parties' ongoing litigation, a notice letter of a pending patent application, and Defendants' monitoring of Plaintiff's patent portfolio did not result in knowledge as alleged in the Amended Complaint. The Court finds that the existing litigation, the notice letter(s), and Defendants' monitoring are well-pleaded facts. Further, the complaint plausibly pleads that as a result of these events, Defendants learned of the Asserted Patents, analyzed them as part of the alleged "monitoring," and as a result, obtained knowledge that the Defendants' infringed the Asserted Patents as alleged in the Amended Complaint. As a result, the Court finds pre-suit knowledge of infringement of the Asserted Patents to have been adequately pleaded.

Next, Defendants argue that VoIP failed to plead deliberate or intentional conduct. The Court disagrees. As explained immediately above, it is plausible that Defendants had pre-suit knowledge of infringement. The Amended Complaint pleads that Defendants did not respond to or negotiate in response to the notice letter that despite the knowledge and notice of the Asserted Patents. After acquiring pre-suit knowledge of infringement of the Asserted Patents, it is plausible that subsequent, continued infringement was willful and in disregard of known infringement. This plausible result is specifically pleaded: "After acquiring that knowledge, [Defendants] infringed

4

the [Asserted Patents] and in doing so, it knew, or should have known, that its conduct amounted to infringement." ECF No. 23 ¶ 39, 40, 54, 55.

Defendants argue that knowledge of the Asserted Patents cannot be inferred merely from knowledge of other patents and/or an application. But here, the Amended Complaint relies on the notice letters that identify the '234 Patent and a patent application that ultimately led to the '721 Patent in further combination with monitoring of that patent application, resulting in knowledge of the '721 Patent on or after the issuance date.

Defendants argue that the Amended Complaint contains no other pleaded <u>facts</u> supporting willfulness, only legal conclusions. For example, Defendants argue there are no facts that "Defendants failed to make a good faith effort to avoid infringing the asserted patents." ECF No. 25 at 10. The Court found at least one well-pleaded fact: Defendants refused to engage in good faith negations and did not respond to Plaintiff's letters. ECF No. 23 ¶¶ 39, 40, 53, 54.

Finally, Defendants attempt to rely on *Finjan, Inc. v. Juniper Networks, Inc.*, No. C 17-05659 WHA, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018). There, the "portions of the complaint . . . merely assert in conclusory terms that Juniper had some awareness of Finjan's *patent portfolio*, which in turn included the patents-in-suit. They contain no *factual* allegations that Juniper had actual pre-suit knowledge of the eight *patents-in-suit*." *Finjan,* 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018). *Finjan* is distinguished because here the Amended Complaint pleads specific knowledge of the Asserted Patents: "Facebook has had knowledge of the '234 patent since at least December 18, 2015," "WhatsApp has had knowledge of the '234 patent since at least February 2, 2016," "Defendants have had knowledge of the '721 patent since at least December 29, 2020 when the '721 patent issued."  ECF No. 23 ¶¶ 39, 40, 55.

5

Accordingly, the Court **DENIES** Defendants' motion to dismiss the pre-suit willfulness claims.

## B. Induced Infringement

Defendants first challenge induced infringement based on a failure to plead pre-suit knowledge. Because the Court found pre-suit knowledge to have been adequately pleaded, the Court rejects this argument.

Next, Defendants challenge the specific intent to induce infringement. In response, Defendants point to the factual allegations in the Amended Complaint, namely continued dissemination of the Accused Instrumentalities and dissemination of instructions and manuals. Defendants then argue that the routine business activities alone do not establish a plausible inference of intent.

The Amended Complaint alleges that the "Defendants specifically intended to induce infringement of the" Asserted Patents. ECF No. 23 ¶ 44, 59. Defendants allegedly "had knowledge of the '234 patent . . . based on a letter . . . . After acquiring that knowledge, [Defendants] infringed the '234 patent and in doing so, it knew, or should have known, that its conduct amounted to infringement of the '234 patent." ECF No. 23 ¶¶ 39-40. Defendants allegedly "have had knowledge of the '721 patent since at least December 29, 2020 . . . . After acquiring that knowledge, the Facebook and WhatsApp Defendants infringed the '721 patent and in doing so, they knew, or should have known, that their conduct amounted to infringement of the '721 patent." The Court finds that when the continued infringement is viewed in combination with the plausible allegations that Defendants had pre-suit knowledge of the patents, monitored Plaintiff's patent portfolio, knew their own actions amounted to infringement, and refused to negotiate with Plaintiff in good faith after receiving a notice letter, the element of specific intent to induce infringement is plausible.

Accordingly, the Court **DENIES** Defendants' motion to dismiss the induced infringement allegations.

### C. Contributory Infringement

Defendants first challenge contributory infringement based on a failure to plead pre-suit knowledge. Because the Court found pre-suit knowledge to have been adequately pleaded, the Court rejects this argument.

Next, Defendants argue that Plaintiff "fails to adequately plead that there are no substantial non-infringing uses." The Amended Complaint specifically alleges that the Accused Instrumentality "is not shown as having any other purpose, and, given its particular focus on messaging and voice-over-IP services, is not a staple article or commodity suitable for non-infringing uses." ECF No. 23 ¶ 30, 33. Plaintiff make this allegation after setting forth a plausible explanation of how the Accused Instrumentalities directly infringe.

Defendants also argue that the Amended Complaint cannot plausibly allege that the Accused Instrumentalities lack substantial noninfringing uses because the patents claim a "distinct" manner of mobile call routing. Defendants' challenge amounts to a factual dispute about whether there are in fact suitable non-infringing uses aside from making mobile calls in this "distinct" manner. To resolve this factual dispute at the pleading stage, the Court defers to Plaintiff's pleaded version of the facts that the Accused Instrumentalities are not suitable for non-infringing uses.

Defendants argue that for there to be no substantial non-infringing uses, Plaintiff "would need to make the incredible allegation that <u>all</u> messaging and VoIP services infringe its patents no matter how they are implemented and no matter what additional features they support, but it does not—and indeed cannot—do so." ECF No. 25 at 16–17. The Court disagrees. There is no reason why Plaintiff must allege that all messaging services, including those not involved in this case,

have no substantial non-infringing uses. Those other products are not relevant to the specific allegation of contributory infringement of products in this case. When considering only the Accused Products, those Accused Products are not alleged to perform <u>all</u> types of messaging and VoIP services, including messaging and VoIP services not covered by the Asserted Patents. Thus, Defendants have not identified a contradiction within the Amended Complaint. The prior art email example raised by Defendants affects invalidity but has nothing to do with contributory infringement.

Plaintiff adequately pleaded contributory infringement. The Court **DENIES** Defendants' motion to dismiss contributory infringement claims.

## IV.    IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Dismiss.

**SIGNED** this 3rd day of May, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE